# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwendolyn Smith,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-17-01041-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Claimant Gwendolyn Smith's appeal of the Social Security Administration's (SSA) decision to deny disability insurance benefits. (Doc. 16). For the following reasons, the Court vacates the ALJ's decision and remands for consideration in accordance with this opinion.

## BACKGROUND

Gwendolyn Smith filed for disability benefits on July 11, 2013, alleging a disability onset date of June 12, 2013. Ms. Smith's application for SSA disability benefits asserted a neck and back injury. (Tr. 167). Her claim was denied on November 4, 2013; reconsideration was denied on February 6, 2014. (Tr. 83, 91). Ms. Smith requested a hearing in front of an administrative law judge (ALJ), which was held on July 22, 2015. The ALJ determined that Ms. Smith had the severe impairment of fibromyalgia. (Tr. 19). The ALJ found that Ms. Smith had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that she should only occasionally climb ladders. (Tr. 21). Because the ALJ determined that Ms. Smith could perform her past

work or other work that exists in the national economy, the ALJ found that Ms. Smith was not disabled under the Social Security Act. (Tr. 25–26). The Appeals Council denied the request to review, making the Commissioner's decision final. (Tr. 1–4). Ms. Smith now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

**I.   Legal Standard**

A reviewing federal court will address only the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n. 13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits when that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id*. (quotation omitted). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. (quotation omitted).

The ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When evidence is "subject to more than one rational interpretation, [courts] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981, F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

**II.  Analysis**

Claimant alleges that the ALJ erred by (1) improperly rejecting the treating physician's opinion, and (2) improperly discounting Ms. Smith's credibility.

**A.   Medical Opinion Evidence**

A "treating physician" is one who actually treats the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating doctor's opinion is not contradicted by

another doctor, it may only be rejected for clear and convincing reasons. *Id*. If a treating doctor's opinion is contradicted by another doctor, it may only be rejected for "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id*. (citations omitted).

At the hearing, Dr. Eric Schmitter testified as a non-examining medical expert; he was questioned by both the ALJ and the Claimant's attorney. (Tr. 37–40). He reviewed the record and agreed with a diagnosis of fibromyalgia. He noted that there was very modest orthopedic evidence. He opined that the Claimant's pain might be a somatic manifestation of depression, and as such, she would need to increase rather than decrease her activity. He did not believe that the Claimant would have any limitations on lifting, standing, walking, sitting, climbing, kneeling, or reaching. The ALJ assigned Dr. Schmitter's opinion great weight "because he has reviewed the entire medical evidence of record, made conclusions consistent with the record, answered the [ALJ's] questions, and offered an explanation." (Tr. 23).

Dr. Michael Steingart, a treating physician, completed a form that opined on Claimant's physical limitations. (Tr. 519–20). He stated that the Claimant could sit for four hours and stand or walk for two hours in an eight-hour workday. He believed Claimant would need to alternate positions every 21 to 45 minutes, and would need to rest for five to nine minutes after changing positions. He noted that Claimant could lift ten pounds and could frequently bend and use her hands or feet. He also believed that Claimant would need to have two to three absences from work per month. Dr. Steingart did note that he believed the Claimant could work; however, the vocational expert (VE) testified that there would be no work in the national economy for an individual with the limitations described by Dr. Steingart. (Tr. 52–53). The ALJ assigned Dr. Steingart's opinion little weight. (Tr. 24). The ALJ stated that Dr. Steingart's opinion was inconsistent with the opinion of the medical examiner. Dr. Steingart's opinion was delivered through a check-the-box form with no explanation for the limitations. The ALJ stated that the "opinion seems to list the claimant's subjective complaints rather than the

objective evidence . . . [and] it may be possible that the doctor is being over sympathetic, which biases his objectivity." *Id*. The ALJ noted that the opinion was inconsistent with the objective evidence.

Fibromyalgia is a "rheumatic disease that causes inflammation of the fibrous connective tissues components of muscles, tendons, ligaments, and other tissue." *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). Its symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *Id*. at 590. Fibromyalgia is "diagnosed entirely on the basis of patients' reports of pain and other symptoms . . . [and] there are no laboratory tests to confirm the diagnosis." *Id*. At the same time, "the existence of fibromyalgia and related ailments is not synonymous with a finding of disability," which "is a function of how much [the Claimant's] fibromyalgia affects her ability to work." *Engquist v. Colvin*, No. 11-cv-02455-PHX-GMS, *6 (D. Ariz. filed April 8, 2013); *see also Nazzal v. Astrue*, 316 Fed. Appx. 591, 593 (9th Cir. 2009) ("A diagnosis of fibromyalgia cannot automatically be beyond challenge.") (Kleinfeld, J., dissenting). There is a difference between a lack of objective evidence that a Claimant has fibromyalgia and a lack of objective evidence that the Claimant has *disabling* fibromyalgia. Social Security regulations note that it is important to "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p.

Here, the ALJ found that Claimant had the severe impairment of fibromyalgia, but that Claimant was not disabled. The ALJ did so, in part, by discounting Claimant's treating physician in favor of the medical expert. Where two physicians' opinions contradict, the ALJ must provide specific and legitimate reasons for discounting the treating physician's opinion. The ALJ's reasons do not meet this standard. The ALJ discounted Claimant's treating physician for using a checkbox form and not providing an adequate explanation. A physician's opinion cannot be discounted solely for using a checkbox format. Ninth Circuit precedent is conflicting as to whether an ALJ is entitled

to give less weight to a medical opinion where the checkbox format is not supported by commentary or explanations. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("We have held that the ALJ may 'permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'") (quoting *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)); *Trevizo v. Berryhill*, 871 F.3d 664, 677 & n.4 (9th Cir. 2017) ("[T]he ALJ was not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers."). The ALJ did not reject the treating physician's opinion, but rather, gave it less weight due to its lack of explanation for the basis of such an opinion. A checkbox form may be even more problematic in the case of fibromyalgia, where the patient's description of symptoms is so crucial in determining whether the disease exists and is disabling. It does not allow a claimant's symptoms to be evaluated and confirmed by examining and consulting physicians. Moreover, at steps one through four of the sequential evaluation, the claimant maintains the burden of proof. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). A checkbox form lacking explanation approaches a failure to meet the burden of proof.

The Commissioner also responds that the ALJ gave other additional reasons for discounting Dr. Steingart's opinion, and so made no error by criticizing the checkbox format. But the ALJ's other reasons are problematic. The ALJ states that that there is no explanation why Claimant needs to change positions frequently and no explanation why hand and standing limitations are necessary. The ALJ provides no citation to the record for contrary findings. The Commissioner cites multiple parts of the record that could be used to provide support for the ALJ's position. (Doc. 18, pp. 12, 14). None of these medical reports are cited by the ALJ, and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

1219, 1225 (9th Cir. 2009). The ALJ also asserts that Dr. Steingart is simply listing Claimant's subjective complaints and being overly sympathetic. The ALJ fails to account for the nature of fibromyalgia, which relies on subjective complaints. The ALJ also gives no specific explanation as to how the doctor is biased. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("While the Secretary 'may introduce evidence of actual improprieties,' no such evidence exists here."). On the whole, the Court finds that the ALJ's decision to discount the treating physician's opinion was not supported by substantial and legitimate evidence. Because there is a need for the ALJ to make further factual findings and consider the evidence in line with fibromyalgia's unique character, remand for further proceedings is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014).

### B. Claimant's Credibility

When a claimant alleges subjective symptoms, like pain, the ALJ must follow a two-step analysis to decide whether to credit the claimant's testimony. First, the claimant "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (quotation marks omitted). The claimant does not need to show "that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282. Second, if the claimant can make the showing required in the first step and the ALJ does not find any evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. at 1281.

The ALJ found that Claimant's fibromyalgia could cause some of her symptoms and pain, but that her statements regarding the intensity of the symptoms are not entirely credible. The ALJ noted that the Claimant's reported activities of daily living to the consulting psychologist—such as feeding herself, showering, brushing teeth, preparing

meals, ambulating independently, going to the grocery story, driving, going to the gas station, and running errands—demonstrate that her impairments are not disabling. (Tr. 22). The ALJ also explained that Claimant had no difficulty with motor ability or sitting during both the hearing and an examination by a consulting psychologist. *Id*. Where a "claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings relating to those activities." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). But, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The limited activities cited by the ALJ do not support a conclusion that Claimant engages in numerous activities that are transferable to the workplace. Moreover, the report from the consultative examiner which the ALJ relies on contains other statements from Claimant that contradict the ALJ's characterization of Claimant's daily activities. The consultative examiner states that "[t]he claimant reported she has difficulties performing activities of self-care." (Tr. 450). Although Claimant acknowledged being able to feed herself and shower, she "requires assistance when attempting to complete activities that involve heavy lifting, bending[,] or stooping." *Id*. Claimant told the consultative examiner that she could go to the grocery store and run errands but that "when she is required to engage in these activities independently she is in persistent and severe pain." *Id*. The ALJ cannot select certain pieces of evidence to credit while ignoring others. The ALJ also found Claimant not credible because Claimant was able to sit without evidencing outward pain during both the consultative examination and the hearing. (Tr. 22). Given that Claimant has alleged severe restrictions in her ability to sit without pain, the Court agrees with the ALJ that these were fair considerations. However, without more, Claimant's ability to sit for relatively short durations does not constitute substantial evidence.

/ / /

Finally, the ALJ notes that the Claimant's reports of limitations are not supported by the medical expert's assessment. The medical expert testified that there were "minimal findings in the record with relatively normal examinations" and "there was no organic basis for impairments." The ALJ's vague statements do not make clear whether the ALJ is discussing the lack of objective evidence for fibromyalgia or the lack of objective evidence for disabling fibromyalgia. That there are not examinations showing an organic basis for Claimant's limitations does not conflict with there being severe fibromyalgia. The ALJ could support this conclusion by citing to evidence in the record that Claimant's fibromyalgia is not disabling. However, the ALJ provides no citations for his claims and his broad generalizations do not count as substantial evidence.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. The ALJ rejected the opinion of Claimant's treating physician, but failed to provide specific and legitimate reasons for doing so. With a disease like fibromyalgia, the ALJ cannot just point to the lack of objective medical evidence; rather, the ALJ must find support in the medical record that the fibromyalgia is not disabling. The ALJ's rejection of Claimant's credibility was not supported by substantial evidence. Claimant's activities of daily living were not sufficient to support a finding of non-disability and general statements of a lack of objective medical evidence are not sufficient. Because "there is conflicting evidence, and not all essential factual issues have been resolved," the Court remands for further factual findings and development. *Treichler*, 775 F.3d at 1101.

**IT IS THEREFORE ORDERED** that the ALJ's decision is vacated and remanded for further factual findings in accordance with this opinion.

Dated this 12th day of July, 2018.

_____
Honorable G. Murray Snow
United States District Judge